UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JERRY LUIS SANTIAGO, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-30248-KPN |
| | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER KEYES, JOHN DOE, | ) | |
| RICHARD ROE, COMMONWEALTH | ) | |
| OF MASSACHUSETTS | ) | |
| DEPARTMENT OF STATE POLICE, | ) | |
| Defendants | ) | |

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS
(Document Nos. 6 and 8)
March 8, 2012

NEIMAN, U.S.M.J.

This action arises from an alleged case of mistaken identity. Jerry Luis Santiago ("Plaintiff") claims that he was arrested and detained because he was wrongfully, and without justification, believed to be the subject of a New York arrest warrant. Asserting violations of both federal and state law, Plaintiff originally filed this action in state court against the Commonwealth of Massachusetts Department of State Police ("Department of State Police") and Christopher Keyes ("Keyes"), the arresting state trooper (together "Defendants"). Plaintiff also named two unidentified defendants, John Doe, a state trooper who allegedly interrogated him following his arrest, and Richard Roe, an assistant district attorney who allegedly made misrepresentations regarding his identity in state court.

Keyes removed the action to this court because it raised, among other claims, a federal question pursuant to 28 U.S.C. § 1331. Plaintiff, in response, now urges remand of the entire matter in the interest of judicial economy so as to avoid duplication of trials in two different courts on the same set of facts. Plaintiff argues, albeit inartfully, that remand is necessary because the Eleventh Amendment of the United States Constitution bars his claims against the Department of State Police under the Massachusetts Civil Rights Act ("MCRA") and the Massachusetts Tort Claims Act ("MTCA"). Plaintiff's motion is opposed by Defendants, on grounds further explained below. In addition, the Department of State Police has filed a motion to dismiss, asserting that it is entitled to immunity from suit pursuant to the Eleventh Amendment of the United States Constitution.

The parties have consented to have the undersigned decide all matters in this case pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. For the reasons that follow, the court will deny Plaintiff's motion to remand and allow, in part, the Department of State Police's motion to dismiss.

I. BACKGROUND

The following facts come directly from Plaintiff's complaint. On or about August 20, 2008, Plaintiff, a Massachusetts resident who hails from Puerto Rico, was a passenger in a motor vehicle driven by a friend. (Complaint ¶¶ 8-9.) The vehicle was stopped by officers of the Department of State Police and Plaintiff was asked for identification. Plaintiff provided the officers with his Massachusetts driver's license, which contained his photograph and correct birth date. (Id. ¶ 9.) Ostensibly believing

Plaintiff was the subject of an outstanding New York arrest warrant, the officers instructed Plaintiff to exit the vehicle, searched him, and then handcuffed him. (Id.)

Upon being arrested, Plaintiff informed an officer that he is deaf and does not speak English; as a result, he was interrogated by a Spanish-speaking State Trooper, one of the unidentified defendants. (Id. ¶ 10.) Plaintiff explained that his wallet containing identification and motor vehicle license had been stolen from him while he was in Puerto Rico some time before and indicated that he was the victim of identity theft and not the subject of the arrest warrant. (Id.)

Following his arrest, Plaintiff was arraigned in Chicopee District Court. (Id. ¶ 13.) At Plaintiff's arraignment, the judge allegedly questioned the Assistant District Attorney ("ADA"), another of the unidentified defendants, as to whether Plaintiff was correctly identified as the subject of the arrest warrant. It is not clear if the ADA provided an answer at the arraignment, but the ADA appears to have asked the Department of State Police if Plaintiff's fingerprints matched those that it had received from New York and was misinformed that they did. (Id.)

Plaintiff was placed in custody until August 28, 2008, when he was brought back to the Chicopee District Court. Plaintiff asserts that, at that time, the ADA, based on information she had received from the Department of State Police, misrepresented to the court that Plaintiff's fingerprints matched those of the subject of the New York arrest warrant and that Plaintiff had been correctly identified as the subject of that warrant. (Id. ¶ 14.) Plaintiff was thereafter extradited to New York State. (Id. ¶ 15.) On September 19, 2008, a justice of the Supreme Court of the State of New York

3

determined that Plaintiff was not the proper subject of the arrest warrant. (Id.) In total, Plaintiff alleges that he spent thirty-two days in custody. (Id. ¶ 11.)

Plaintiff's complaint contains five counts, of which three apply to all the defendants: (1) federal claims under 42 U.S.C. §§ 1983 and 1985 for violating his civil rights (Count I), (2) a state law negligence claim pursuant to the MTCA (Count IV), and (3) a state law civil rights claim pursuant to the MCRA (Count V). Plaintiff also alleges, pursuant to sections 1983 and 1985 as well as the MTCA and MCRA, that the Department of State Police was grossly negligent for its maintenance of an unconstitutional policy or custom (Count III). Finally, Plaintiff asserts a state law claim against Keyes and the two unidentified defendants for intentional infliction of emotional distress (Count II).

## II. DISCUSSION

Although, as Plaintiff points out, the Department of State Police did not sign the notice of removal, Keyes was not required to obtain its consent before removing the action to federal court. *See Rey v. Classic Cars*, 762 F. Supp. 421, 423 (D. Mass. 1991) ("[T]he failure of the Commonwealth of Massachusetts to consent to removal does not require that the case be remanded given that the eleventh amendment prohibits a suit against the Commonwealth in a federal court absent the Commonwealth's consent."). Further, under this circuit's precedent, the Department of State Police's opposition to Plaintiff's motion to remand is sufficient to constitute consent to the removal. *See Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 77 (1st Cir. 2009) (concluding that any defect in removal caused by defendant's failure to sign the notice of removal "was

4

subsequently cured when [the defendant] opposed [the plaintiff's] remand motion, thereby clearly communicating its desire to be in federal court.").

A. Plaintiff's Motion to Remand

Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." There is no dispute that Plaintiff filed his motion to remand after the 30-day deadline; the notice of removal was filed on November 8, 2011, and Plaintiff did not file his motion until December 16, 2011, more than one week late. With that in mind, Defendants, asserting that Plaintiff's motion to remand is not based on a lack of subject matter jurisdiction, argue that the motion should be denied as untimely.

The resolution of this particular dispute is not as straightforward as Defendants might wish. "[A]lthough the Supreme Court 'has declined to state definitively whether the Eleventh Amendment is a doctrine of subject matter jurisdiction,' it has indicated that the 'Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power.'" *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgmt.*, 644 F.3d 5, 10 (D. Mass. 2011) (quoting *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 109 (1st Cir. 2007) and *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998)). On the other hand, "the Supreme Court has also 'recognized that [the Eleventh Amendment] is not co-extensive with the limitations on judicial power in Article III." *Id.* (quoting *Calderon*, 523 U.S. at 745 n.2). It is therefore not clear whether Plaintiff's arguments regarding the State's Eleventh Amendment immunity are within the ambit of section 1447(c)'s "subject

5

matter jurisdiction" exception to the filing deadline.  In any event, the court need not decide this question for present purposes.  Even assuming the timeliness of Plaintiff's motion, the court is not persuaded by his arguments for remand.

Plaintiff has proffered two arguments in favor of remand.  First, as mentioned, Plaintiff asserts that this court's removal jurisdiction is destroyed by the mere presence of certain claims against the Department of State Police, which claims, Plaintiff maintains, are barred in federal court by the Eleventh Amendment.  This argument, however, has little merit.  Indeed, this exact contention was explicitly considered and rejected by a unanimous Supreme Court in *Wis. Dep't of Corr. v. Schact*, 524 U.S. 381 (1998).  The Court held that the Eleventh Amendment does not automatically destroy original jurisdiction, but rather, simply "grants the State a legal power to assert a sovereign immunity defense should it choose to do so."  *Id.* at 389; *see also id.* at 392-93 ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim.  But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before us.  A federal court can proceed to hear those other claims, and the District Court did not err in doing so.").  In short, the specter of the Eleventh Amendment does not bar removal outright; it merely hovers in the background waiting to be asserted by a state after removal.

Second, Plaintiff, relying on 28 U.S.C. § 1441(c), argues that remand is required because his "complaint does not articulate a separate and independent claim or cause of action which would be removable if sued upon alone."  (Plaintiff's Motion to Remand at 4.)  Again, Plaintiff's argument is misplaced, as section 1441(c) applies only to those

claims that fall *outside* the court's supplemental jurisdiction as outlined in 28 U.S.C.

§ 1367. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3rd Cir. 1995)

("the district court's discretion to remand under § 1441(c) can pertain only to those *state*

*law claims* which the district court could decline to hear under 28 U.S.C. § 1367.")

(emphasis in original). Thus, pursuant to section 1367, a federal court "may exercise

supplemental jurisdiction over state-law-claims 'that are so related to claims in the

action within [a court's] original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution.'" *Goldin v. Schencks*, 629

F.3d 79, 83 (1st Cir. 2010) (quoting 28 U.S.C. § 1367(a)); *Futura Dev. of Puerto Rico,*

*Inc. v. Estado Libre Asociado de Puerto Rico*, 144 F.3d 7, 13 (1st Cir. 1998) (noting that

federal courts may assert supplemental jurisdiction where the claims arise from the

same "nucleus of operative facts" and finding no jurisdiction where the claims did not

overlap "in theory or chronology.").

Here, Plaintiff's claims clearly fall within the court's supplemental jurisdiction as

all of the claims asserted stem from the alleged misconduct of various law enforcement

officers and the assistant district attorney as it pertains to his arrest and detention.

Indeed, Plaintiff never argues that his state law claims do not fall within the contours of

this court's supplemental jurisdiction. To the contrary, Plaintiff concedes the point by

acknowledging that all of his damages "arose from one incident, *and the same set of*

*facts.*" (Plaintiff's Motion to Remand at 5) (emphasis added).

Still, the court is permitted to decline to exercise its supplemental jurisdiction over

Plaintiff's state law claims, which allege various forms of negligence and typical

applications of the MCRA and MTCA, if they meet any one of the following

requirements:

> (1) the claim raises a novel or complex issue of State law,

> (2) the claim substantially predominates over the claim or claims over which the
>
> district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original
>
> jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining
>
> jurisdiction.

28 U.S.C. § 1367(c). Plaintiff, however, does not argue that any of these factors are

applicable here, and the court finds that none are. Plaintiff's state law claims in no way

implicate the type of novel or complex issues of state law contemplated by the statute.

Moreover, the essence of Plaintiff's case is the violation of his civil rights by all

defendants which he alleges occurred under both state and federal law, claims which

remain. *See Delgado v. Pawtucket Police Dep't*, 2012 WL 400365, at *4 (1st Cir. Feb.

9, 2012) ("Once a case is properly before a federal district court, however, that court has

broad authority to retain jurisdiction over pendant state law claims even if the federal

claim is later dismissed."). Finally, the court perceives no compelling reason that favors

declining jurisdiction. The court, therefore, will deny Plaintiff's motion to remand.[1]

---

[1] Although not mentioned by any of the parties, the court is aware of recent revisions to section 1441(c) as a result of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, signed into law on December 7, 2011. These revisions, however, apply only to actions filed on or after January 6, 2012, and since this case was removed to federal court in November 2011, any changes brought about by the Act

B. The Department of State Police's Motion to Dismiss

The Department of State Police asserts that, as an arm of the State, it is immune from federal suit under the Eleventh Amendment to the United States Constitution and, accordingly, seeks to dismiss Plaintiff's complaint against it in its entirety (Counts I, III, IV, and V). Plaintiff has filed an opposition but argues only that remand is appropriate. For the following reasons, the court will allow the Department of State Police's motion to dismiss, but in part only.

It is well established that the Eleventh Amendment bars actions by private individuals against a state or its agencies in federal court absent a waiver of sovereign immunity by the state or clear Congressional intent to abrogate such immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 (1984). It is equally well-settled that the "reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997).

More recently, in *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 618 (2002), the Supreme Court held that a state may waive this immunity by removing a lawsuit to

do not apply. The court nonetheless notes that the revisions to section 1441(c) would be of no assistance to Plaintiff. At most, as may be relevant here, Congress appears to have stripped the federal courts of jurisdiction over *unrelated* state law claims. *See* H.R. Rep. No. 112-10, at 12 (2011) (amendments to section 1441(c) "would permit the removal of the case but require that a district court remand unrelated state law matters. This sever-and-remand approach is intended to cure any constitutional problems while preserving the defendant's right to removal claims arising under Federal law"). The instant claims are in fact all related.

federal court.  The First Circuit thereafter acknowledged that the "language of *Lapides* is broad" but accepted the Supreme Court's representation that its holding was limited "to the 'context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings."  *Bergemann v. R.I. Dep't of Envtl. Mgmt.*, 665 F.3d 336, 341 (1st Cir. 2011).  As a result, the First Circuit explained, a state's removal will not effectuate a waiver in *all* cases, but, rather, only in those cases where removal confers a special advantage on the state.  *Id.*  Bearing these principles in mind, the court turns to the Department of State Police's arguments.

1.  Claims Pursuant to 42 U.S.C. §§ 1983 and 1985

The Department of State Police is entitled to sovereign immunity on Plaintiff's sections 1983 and 1985 claims.  The Supreme Court has made it clear that section 1983 does not abrogate a state's Eleventh Amendment immunity.  *See Quern v. Jordan*, 440 U.S. 332, 341-42 (1979).  It is also undisputed that the Department of State Police is an arm of the State and, as such, is entitled to sovereign immunity and cannot constitute a "person" under section 1983.  *See Beauregard v. Epstein*, 1994 WL 523816, at \*2 (D. Mass. Sept. 19, 1994) ("Defendant, State Police, is considered an arm of the State and is, therefore, immune from federal suit under the Eleventh Amendment to the United States Constitution."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  This same analysis applies to section 1985.  *See Thomas v. Salem State Univ. Found.*, 2011 WL 5007973, at \*8 (D. Mass. Oct. 18, 2011) (finding a claim under § 1985 "not viable because a state is not a 'person' within the meaning of the statute.");

10

*Orria-Medina v. Metro Bus. Auth.*, 565 F. Supp. 2d 285, 303 (D. Mass. 2007) (noting that "courts are in agreement that the analysis of the word 'person' for purposes of section 1983 applies to the analysis of the word person for purposes of section 1985.").

The court also notes that the immunity from suit enjoyed by the Department of State Police as to Plaintiff's federal claims applies with equal force in state court. *See Woodbridge v. Worcester State Hosp.*, 423 N.E.2d 782, 786 n.7 (Mass. 1981) (noting the Supreme Court's holding that "States are not 'persons for purposes of § 1983" and "concluding that "a State's liability for damages under § 1983 does not depend on whether suit is brought in State or Federal court."). Thus, as the Department of State Police was conferred no special advantage by removing these claims to federal court, the removal did not constitute a waiver of sovereign immunity. The court will therefore allow the Department of State Police's motion as to Count I and, to the extent that sections 1983 and 1985 claims are alleged in Count III, to those claims as well.

2. Massachusetts Civil Rights Act Claim

The Department of State Police is also entitled to sovereign immunity from Plaintiff's MCRA claim. Piggybacking on the Supreme Court's section 1983 analysis in *Will*, 491 U.S. at 70, Massachusetts state courts, to date, have invariably held that they "should reach the same result under the State Civil Rights Act," *Commonwealth v. Elm Med. Lab., Inc.*, 596 N.E.2d 376, 379 (Mass. App. Ct. 1992), and have determined that "the Commonwealth is not a 'person' for purposes of c. 12, §§ 11H and 11I." *Id.*; *see also Williams v. O'Brien*, 936 N.E.2d 1, 4 (Mass. App. Ct. 2010) (finding that the trial judge "correctly dismissed [the MCRA] claim against the Commonwealth on summary judgment because the Commonwealth,

including its agencies, is not a 'person' subject to suit pursuant to G. L. c. 12 § 11H.").

Accordingly, this court will allow the Department of State Police's motion to dismiss as to

Count V and, to the extent that claims under Mass. G. L. c. 12, §§ 11H and 11I are alleged in

Count III, to those claims as well.

3. Massachusetts Tort Claims Act Claim

The Department of State Police also argues that it is entitled to sovereign immunity

from Plaintiff's claims pursuant to the MTCA because "the Commonwealth did not consent to

suit by its citizens in federal court."  (Department of State Police's Motion to Dismiss at 5.)

The argument is only partially accurate.

"Leaving to one side waivers that occur by reason of a state's participation in federal

programs that require a surrender of sovereign immunity . . . a state may waive immunity in

one of two ways." *Bergemann*, 665 F.3d at 340.  "First, a state may waive its immunity

expressly; that is, by unequivocally expressing its consent to suit." *Id.*  It is by these means

on which the Department of State Police has exclusively focused its attention.

In particular, the Department of State Police cites *Irwin v. Comm'r of Dep't of Youth

Servs.*, 448 N.E.2d 721, 722 (1983), where the Supreme Judicial Court ("SJC") answered a

question certified to it by the United States District Court for the District of Massachusetts

regarding whether the Commonwealth had waived its constitutional immunity from tort suits in

federal courts by enacting the MTCA.  Concluding that the Commonwealth had declined to

waive such immunity in federal court, the SJC found "no hint in any subsequent amendments

of the statute . . . that the Legislature had deemed incorrect [its] interpretation that the

jurisdiction conferred upon the Superior Court is exclusive." *Id.* at 726.  The SJC explained

12

that "nothing in the legislative history of G. L. c.258, or in its terms . . . suggest[s] that the Commonwealth, by enacting G. L. c. 258, has waived, expressly or by implication, its Eleventh Amendment immunity to suit in Federal courts." *Id.* at 728. Were the only question, then, whether the Commonwealth had waived its immunity from tort suits filed in federal court pursuant to the MTCA, then, as the Department of State Police contends, it would be entitled to the defense of sovereign immunity and that would be the end of the matter in this forum. In fact, however, it is only the initial inquiry.

A state may also waive its immunity "by engaging in affirmative conduct during litigation sufficient to evince consent to suit." *Bergemann*, 665 F.3d at 340. As the First Circuit recently explained,

> waiver by litigation conduct represents a kind of tit for tat: a state's decision to avail itself of a federal forum as a means of garnering a material benefit that otherwise would not be available to it is deemed to betoken a willingness to subject itself to the federal court's jurisdiction with respect to the particular claim or claims at issue.

*Id.* In other words, even when a state has not by statute waived its sovereign immunity, it may, via its conduct in federal court, nonetheless effect a waiver. In the court's view, such are the circumstances here.

As the First Circuit described, the "desire to avoid unfairness has animated every invocation by the Supreme Court of the waiver by conduct doctrine" and this circuit's own law concerning the doctrine "is animated by the same desire to avoid unfairness." *Id.* at 341. For that reason, the First Circuit found in *Bergemann* that the state's removal to federal court of an action arising under the Fair Labor Standards Act did *not* constitute waiver because "[the

state's] sovereign immunity defense is equally robust in both the state and federal court. Consequently, there is nothing unfair about allowing the state to raise its immunity defense in the federal court having removed the action." *Id.* at 342.

Here, however, the court is presented with the opposite situation, namely, an arm of the state, *i.e.*, the Department of State Police, asserting a sovereign immunity defense in this federal forum that it would not be able to assert in state court. As the SJC's decision in *Irwin* made clear, the MTCA did not waive the state's immunity from suit initiated in federal court, but the MTCA's very purpose was to waive such immunity in state court. *See Irwin*, 448 N.E.2d at 725 (noting that the MTCA was a legislative response to its decisions expressing the view "that the judicially created doctrine of governmental immunity from tort liability was 'logically indefensible'" and notifying the legislature of its "intention to abrogate the doctrine . . . should the Legislature fail to act by the conclusion of its 1978 session."). Thus, to allow the Department of State Police to successfully assert in federal court a sovereign immunity defense it could not have asserted in state court prior to removal would not only deprive Plaintiff of his choice of forum but, as well, allow the Department of State Police to receive an unfair advantage of immunizing itself from suit solely because it consented to its removal to federal court.[2] To echo the language of *Bergemann*, the Department of State Police is attempting to use removal to "change the level of the playing field." *Bergemann*, 665 F.3d at 342. This is precisely the type of unfairness that the waiver by litigation doctrine was

---

[2] Although *Bergemann*, 665 F.3d at 339, involved an instance in which the state itself removed the action to federal court, the court sees no reason to distinguish between cases where the state initiated the removal and cases where, as here, the state has taken acts that "clearly communicat[e] its desire to be in federal court." *Esposito*, 590 F.3d at 77.

designed to prevent.

In sum, the court finds that because the Department of State Police would not have been able to assert its sovereign immunity defense in Plaintiff's state court action, it is barred from doing so now. Given that Plaintiff could have pursued his MTCA claims against the Department of State Police in state court, the Department of State Police cannot now avoid those claims simply because it has invoked federal court jurisdiction. *See Bergemann*, 665 F.3d at 342. The court will therefore deny the Department of State Police's motion to dismiss to the extent such claims are alleged in Counts III and IV.

### III. CONCLUSION

For the reasons stated, Plaintiff's motion to remand is DENIED. Further, Defendant Department of State Police's motion to dismiss is ALLOWED as to Counts I and V, as well as to Count III, to the extent that count includes claims against the Department of State Police under 42 U.S.C. §§ 1983, 1985 and Mass. G. L. c. 12, §§ 11H and 11I. The Department of State Police's motion to dismiss is hereby DENIED as to Count IV, and as well to Count III, to the extent that count includes claims under Mass. G. L. c. 258. The Clerk shall set this matter down for a scheduling conference. The court notes that Count II survives because it was not challenged by Department of State Police's motion to dismiss.

IT IS SO ORDERED.

DATED: March 8, 2012

 /s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge