UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:11-cv-30248-KPN

|  |  |
|---|---|
| JERRY LUIS SANTIAGO, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| COMMONWEALTH OF MASSACHUSETTS | ) |
| DEPARTMENT OF STATE POLICE, | ) |
| CHRISTOPHER KEYES, *Individually and in his* | ) |
| *Official Capacity as a Massachusetts State Trooper,* | ) |
| CARLOS RIVERA, *Individually and in his* | ) |
| *Official Capacity as a Massachusetts State Trooper*, | ) |
| AND RICHARD ROE, *Individually and in his* | ) |
| *Official Capacity as a Hampden County Prosecutor* | ) |
| Defendants. | ) |
|  | ) |

**DEFENDANT CHRISTOPHER KEYES'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNT V AND TO DISMISS ALL CLAIMS AGAINST HIM IN HIS OFFICIAL CAPACITY**

Now comes Tpr. Christopher Keyes, a defendant in the above captioned civil rights case, and offers this memorandum of law in support of his Motion to Dismiss Count V and those claims against him based on Tpr. Keyes acting in his official capacity.  This motion is made pursuant to Fed.R.Civ.P. 12 (b)(6).

Count V is a claim based on the Massachusetts Civil Rights Act, M.G.L.c. 12, §§ 11H and 11I.  To recover under the MCRA this plaintiff must allege and prove that the Tpr. Keyes interfered by threats, intimidation or coercion, or attempted to interfere by threats, intimidation or coercion, with the exercise or enjoyment by Mr. Santiago of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth.  As established below, a direct violation of a civil right is not sufficient for a

[1]

recovery under the MCRA.  Rather, there must be direct evidence of the use of threats, intimidation or coercion in the interference of the protected right.  Since there is no allegation in the complaint of the use of threats, intimidation or coercion, nor is there any mention of the protected right that was interfered with or that was attempted to be interfered with, the plaintiff's claim under Count V must fail as a matter of law.

Any claim made against Tpr. Keyes in his official capacity cannot stand as he has absolute immunity for such claims.

In support of this motion the defendant offers the following:

## STATEMENT OF THE CASE AND PRIOR PROCEEDINGS

Through this civil rights action Jerry Luis Santiago, the plaintiff, seeks money damages against the defendant, Christopher Keyes, and other defendants, all law enforcement officials along with the Department of State Police, based on allegations of wrongdoing, principally by Keyes[1] toward Santiago while Keyes was on duty and acting within the scope of his employment as a member of the Massachusetts State Police.  The claims all center on an allegation that the plaintiff was a victim of mistaken identity who was wrongfully detained for a period of 32 days after Tpr. Keyes took him into custody at a motor vehicle stop based on a warrant issued by the State of New York.  While the warrant named Mr. Santiago, it was issued for a person who had stolen the plaintiff's identification, the plaintiff alleges.

The plaintiff's amended complaint (D.N. 23) contains 5 causes of actions against 4 defendants and includes claims under 42 U.S.C., §§ 1983 and 1985; Intentional Infliction of

---

[1] For the purposes of this motion the factual allegations are taken as true.  Notwithstanding the foregoing, Tpr. Keyes denies each and every allegation of wrongdoing as set out in the amended complaint (D.N. 23).

Emotional Distress; Unconstitutional Policy or Custom; Negligence; and M.G.L.c. 12, § 12I, the Massachusetts Civil Rights Act, against Tpr. Keyes, among other defendants.

The case was initially entered in the Hampden Superior Court and was subsequently removed to this Court by Tpr. Keyes (D.N. 1). The Commonwealth moved to remand the case against it and similarly moved to dismiss the case against it (D.N. 6, 8). In a memorandum and order issued on March 8, 2012 this Court denied the Commonwealth's motion to remand and allowed, in part, its motion to dismiss (D.N. 15).

Based on the foregoing order the only Counts that survived against the Commonwealth are Count II for Intentional Infliction of Emotional Distress, Count III for a claim of an Unconstitutional Policy or Custom and Count IV for a claim under the Massachusetts Tort Claims Act. Counts I, II and V of the complaint name Tpr. Keyes.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 57 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

[3]

Failing the foregoing, a complaint should be dismissed if it fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal citations omitted).

## STATEMENT OF THE FACTS[2]

The plaintiff alleges that on or about August 20, 2008 his civil rights were violated by the defendant Christopher Keyes, who at the time of the alleged mistreatment was a member of the Massachusetts State Police and was on duty and acting within the scope of his employment (D.N. 23, amended complaint at ¶¶ 4, 8, 9, 10 and 1).  On August 20, 2008 Jerry Luis Santiago, the plaintiff, was a passenger in a friend's vehicle (D.N. 23 at ¶ 9).  Tpr. Keyes asked Mr. Santiago for some identification and determined that there was a warrant that had been issued by the State of New York for a person with the same name as the plaintiff (D.N. 23 at ¶ 8).  Mr. Santiago was taken into custody and despite his protestations of innocence and mistaken identity he was held for a period of 32 days (D.N. 23 at ¶¶ 9, 10).  At the State Police barracks Mr. Santiago explained to the Trooper that his wallet containing his identification and motor vehicle license had been stolen from him in Puerto Rico (D.N. 23 at ¶ 10).  The day after his arrest Mr. Santiago appeared in the Chicopee District Court where the Assistant District Attorney represented to the court that the State Police stated that there was a fingerprint match between the plaintiff and the person wanted on the New York warrant.  The plaintiff alleges that there was no such match (D.N. 23 at ¶ 14).  Because of the failure of the State Police defendants, among others, to adequately investigate Mr. Santiago's claims of innocence he remained in custody.

---

[2] For the purposes of this motion the factual allegations are taken as true.  Notwithstanding the foregoing, Tpr. Keyes denies each and every allegation of wrongdoing as set out in the amended complaint (D.N. 23).

Eventually, he was sent to New York where a judge determined that he was not the correct person to be held and he was released (D.N. 23 at ¶¶ 12, 15).  The plaintiff maintains that some unknown person in the State Police misrepresented that there was there was a fingerprint match between the plaintiff and the person wanted on the New York warrant (D.N. 23 at ¶ 16).  This misrepresentation, alleges the plaintiff, caused Mr. Santiago to be held until September 21, 2008 and caused him significant damages (D.N. 23 at ¶ 19).

The plaintiff claims the defendants should have known that he was not the person sought and that he should not have been held for a period of 32 days while his identity was verified (D.N. 23 at ¶¶ 11, 12).  The plaintiff alleges that had Tpr. Keyes done his job properly Mr. Santiago would not have been held in custody for 32 days (D.N. 23 at ¶ 12).

## ARGUMENT

Through Count V the plaintiff seeks a remedy for a violation of the Massachusetts Civil Rights Act, M.G.L. 12, § 11I.  Because the amended complaint is devoid of any mention of threats, intimidation or coercion by Tpr. Keyes toward Jerry Luis Santiago, the plaintiff, Count V must fail.  For purposes of the MCRA, "a 'threat' involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.  'Intimidation' involves putting in fear for the purpose of compelling or deterring conduct. 'Coercion' involves the application to another of such force, either physical or moral, as to constrain a person to do against his will something he would not otherwise have done." Farrah v. Gondella, 725 F. Supp. 2d 238, 247 (D. Mass. 2010) (internal punctuation and citation omitted). "A direct violation of civil rights is not, without a showing of coercive behavior, actionable." Orwat v. Maloney, 360 F. Supp. 2d 146, 164 (D. Mass. 2005) (emphasis supplied, quotation omitted).

[5]

Here, Mr. Santiago has failed to put forth any facts that would support that he was subjected to threats, intimidation or coercion imposed upon him for the purpose of coercing him into refraining from the exercise of a right or privilege secured by law, Id and Gagliardi, 513 F.3d at 305.

In fact, a fair reading of the complaint would lead the reader to conclude that Mr. Santiago was vocal and assertive with Tpr. Keyes in maintaining that he was the victim of mistaken identity:

> There, he explained to the Trooper that his wallet containing his identification had been stolen from him in Puerto Rico some time before…He told the officer that he was not the person wanted under the warrant.  He told him that he was the victim of identity theft…His protests of mistaken identity did not produce an adequate or competent investigation by either the State Police of the District Attorney's office…

(D.N. 23 at ¶¶ 10, 11).

Taking as true the account given by the plaintiff, there was no effort to coerce or intimidate Mr. Santiago from asserting a right.  Moreover, the complaint is further devoid of what right Mr. Santiago did not assert or was prevented from asserting because of threats, intimidation or coercion undertaken by Tpr. Keyes.  Both elements are essential to the plaintiff's claim as "the MCRA contemplates a two-part sequence:  liability may be found where (1) the defendant threatens, intimidates, or coerces the plaintiff in order to (2) cause the plaintiff to give up something the he has the constitutional right to do." Parks v. Leicester, (D.Mass 2011) citing Goddard v. Keeley, 629 F.Supp.2d 115, 128 (D.Mass. 2001).

Importantly, even if Mr. Santiago can establish his underlying claim of a constitutional deprivation by Tpr. Keyes pursuant to 42 U.S.C. §1983 it would be insufficient to establish a violation of the MCRA.  The deprivation of a right must be brought about as a result of threats, intimidation or coercion.  That mandatory element is absent here as the underlying civil rights

[6]

violation is based on a misidentification and a failure to conduct an adequate investigation and not on the use of threats, intimidation or coercion.   There was no use of force or threat to use force by Tpr. Keyes against Mr. Santiago.

The MCRA statute would apply to Tpr. Keyes in the hypothetical situation where he had (1) threatened to beat up the plaintiff if (2) the plaintiff exercised his right to remain silent.  In the present case, there is no threat to do harm nor is there even a physical altercation involved.  Indeed, the only physical contact that can be inferred through the amended complaint occurred when Mr. Santiago was taken into custody.  Mr. Santiago has made no allegation that he was subject to any threat, intimidation or coercion by Tpr. Keyes at any time (D.N. 23).

The plaintiff's fatal flaw with his complaint is that the reader can neither ascertain the threat, intimidation or coercion engaged in by Tpr. Keyes nor the infringement of a right that such conduct caused.  A review of the complaint leaves the reader with the following question: What did Tpr. Keyes do that threatened, intimidated or coerced the plaintiff into giving up that which he had a constitutional right to do?

Arguably, the constitutional right at stake here is based on the Fourth Amendment.  But even if the plaintiff were able to establish a Fourth Amendment violation that in and of itself is insufficient as a matter of law to prove a violation of the MCRA.  A direct deprivation of a protected right, even if unlawful, is not coercive because it is not an attempt to force someone to do something the person is not lawfully required to do, Swanset Development Corp. v. City Of Taunton, 423 Mass. 390, 396 (1996); see also Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989) ("A direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the Act. . . . [W]e see no coercion . . . simply from the use of force by prison officials, authorized to use force, in order to compel a

[7]

prisoner to do something he would not willingly do, even if it turns out that the official had no lawful right to compel the prisoner to take that action.").

Finally, the plaintiff names Tpr. Keyes in his official capacity.  As a state official Tpr. Keyes is immune from suit for actions undertaken in his official capacity, <u>Will</u> v. <u>Michigan Dept. of State Police</u>, 491 U.S. 58 (1989).  Any claims seeking redress against Tpr. Keyes based on actions he has alleged to have taken in his official capacity must be dismissed, <u>Id</u>.  The allegations against Tpr. Keyes are that he misused his position to deprive Mr. Santiago of a right. What is clear through the complaint is that the plaintiff is seeking money damages against Tpr. Keyes for actions he claims Tpr. Keyes undertook under the color of law.  This is clearly a personal capacity suit and not an official capacity suit.  Should Tpr. Keyes leave his position as a Trooper he would not be replaced by someone following in his footsteps as would a state official properly named as a defendant in his official capacity.  Importantly, the only official capacity claim is found in Count III (Unconstitutional Policy or Custom/Gross Negligence) and that claim is made solely (as is it should be) against the Commonwealth.

When an official is sued in his official capacity his successor in office automatically assumes his role in the litigation.  <u>See</u> Fed.R.Civ.P. 25(d)(1) and <u>Hafer</u> v. <u>Melo</u>, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  That is not the intention of the plaintiff here based on the claims as alleged through his amended complaint.

An official capacity suit is another way of naming the department that the officer represents.  Here, the plaintiff is most certainly seeking money damages against Tpr. Keyes and not injunctive relief against him for his personal actions.  <u>Kentucky</u> v. <u>Graham</u>, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 1176 (1991) and <u>Monell</u> v. <u>New York City</u>, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978).  Without waiving his rights as to the adequacy

[8]

of the claims against him in his personal capacity, Tpr. Keyes's actions were clearly not taken in an official capacity and as such so much of the amended complaint seeking relief against him in his official capacity should be dismissed.

## RELIEF REQUESTED

WHEREFORE, based on the foregoing, the defendant, Christopher Keyes, is requesting that Count V be dismissed with prejudice and that all claims against him in his official capacity be dismissed as well.

Respectfully submitted
For the defendant,

CHRISTOPHER KEYES,
By and through his attorneys,

ROGAL & DONNELLAN, P.C.

/s/ Joseph G. Donnellan
_____

May 7, 2012

Joseph G. Donnellan, BBO #558060
100 River Ridge Drive, Suite 203
Norwood, Massachusetts 02062
(781) 255-1200
JDonnellan@RogalandDonnellan.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing document upon each other attorney of record by Via ECF on this 2nd day of May 2012.

Dated:  May 7, 2012

/s/ Joseph G. Donnellan
_____

Joseph G. Donnellan

[9]